## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

EYABA SOGOYOU,

    *Plaintiff,*

v.

TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and EQUIFAX INFORMATION SERVICES, LLC,

    *Defendants*.

Civil Action No. 1:23-cv-1527

## COMPLAINT

Plaintiff Eyaba Sogoyou, by counsel, files this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The FCRA requires consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). To achieve its goals, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports, 15 U.S.C. § 1681i.

3. In this case, Mr. Sogoyou's mortgage servicer furnished inaccurate, derogatory information about his mortgage to Equifax, Experian, and Trans Union, which was ultimately reported on Mr. Sogoyou's credit reports. After Mr. Sogoyou disputed the inaccurate information with each of the consumer reporting agencies, Defendants failed to investigate his disputes or correct the inaccurate reporting.

4. As a result, Mr. Sogoyou alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of his credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, where Mr. Sogoyou resided at the time.

## PARTIES

7. Mr. Sogoyou is a natural person who now resides in Capital Heights, Maryland. He is a consumer as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Trans Union is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Experian is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

### *Background Information on Mr. Sogoyou's Mortgage Account*

11. Mr. Sogoyou is a nine-year veteran of the United States Capitol Police and is a commissioned Officer in the United States Army Reserves.

12. In 2021, Mr. Sogoyou's condominium was struck by lightning and, as a result, was uninhabitable.

13. Because of the property's condition, Mr. Sogoyou needed help with his monthly mortgage payment while the property was being repaired.

14. Mr. Sogoyou entered into a Disaster Forbearance Plan, which lasted from August to September 2021. Under this plan, Mr. Sogoyou did not need to make his mortgage payments during those months and would be eligible to modify his loan at the end of the forbearance. The plan also stated that Mr. Sogoyou's loan would be reported to the credit reporting agencies as current and on a forbearance.

15. After entering the forbearance plan, Mr. Sogoyou followed all of Penny Mac's payment instructions.

16. Mr. Sogoyou also applied for a loan modification. At the time that he applied for the loan modification, he was current on his mortgage under the terms of the forbearance plan.

17. PennyMac conditionally approved Mr. Sogoyou's loan modification application and placed him in a trial period plan in September 2021.

18. Mr. Sogoyou made all of his trial period payments and was approved for a permanent loan modification in December 2021.

19.     Because his loan is administered through the Department of Veterans Affairs, under the VA Servicing Guidelines, the effective date of the loan modification is the date that Mr. Sogoyou signed the agreement—January 4, 2022. VA Servicer Handbook M26-4 at 5.06.[1]

20.     Mr. Sogoyou has made all his payments since his loan was modified as required by the modification agreement.

21.     Mr. Sogoyou eventually learned that his credit reports misleadingly reflected that his mortgage loan was past due between 30 and 90 days each month starting September 2021 through February 2022.

22.     This reporting was misleading and false because, as discussed above, Mr. Sogoyou complied with all of PennyMac's payment instructions. Mr. Sogoyou was never late for 90 days and his permanent modification was effective and brought any alleged delinquency current as of January 4, 2022.

### *Mr. Sogoyou's Credit Reporting Disputes*

23.     On or about September 17, 2022, Mr. Sogoyou mailed written dispute letters to Equifax, Experian, and Trans Union. He detailed that he agreed to the Disaster Forbearance Plan which did not require him to make August and September payments, and that he had made payments in accordance with the Trial Plan. He explained that he should not be reported as being late from September 2021 through February 2022 and that his account status and payment status were inaccurate. Mr. Sogoyou enclosed PennyMac's forbearance letter and his permanent modification agreement.

---

[1] Available at https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.benefits.va.gov%2FWARMS%2Fdocs%2Fadmin26%2Fm26_04%2FCh5_Loss_Mitigation.docx&wdOrigin=BROWSELINK (last visited November 2, 2023)

24. Upon information and belief, Equifax, Experian, and Trans Union forwarded Mr. Sogoyou's disputes to PennyMac.

25. In response to this dispute, PennyMac, after a cursory review, verified its inaccurate reporting to each of the defendants.

26. Once they received PennyMac's response, none of the Defendants took any additional action to investigate Mr. Sogoyou's disputes, even though the documentation he submitted demonstrated that the reporting of his mortgage was inaccurate.

27. Instead, each of the Defendants relied entirely on PennyMac's insufficient investigation and sent Mr. Sogoyou a letter stating that they had verified that his mortgage was reporting correctly.

28. Consequently, Mr. Sogoyou's credit reports continued to show the account inaccurately as past due.

29. On or about November 2, 2022, Mr. Sogoyou mailed follow-up disputes to Equifax, Experian, and Trans Union. He again detailed that he should not be reported as being late from September 2021 through February 2022, and that his account status and payment status were inaccurate. Once again, Mr. Sogoyou enclosed documentation for Equifax, Experian, and Trans Union to reference in their investigations.

30. Upon information and belief, Equifax, Experian, and Trans Union again forwarded Mr. Sogoyou's disputes to PennyMac.

31. In response to this dispute, PennyMac conducted the same cursory review and verified its prior inaccurate reporting.

32. Each of the Defendants again relied entirely on PennyMac's deficient investigation and verification, without taking any independent action to investigate Mr. Sogoyou's claims,

including reviewing the evidence that he submitted with his dispute, showing the PennyMac's reporting was inaccurate.

33. Mr. Sogoyou's credit reports, thus, continued to report the account inaccurately.

34. On or about January 10, 2023, Mr. Sogoyou mailed a third set of disputes to Equifax, Experian, and Trans Union. He again detailed that he should not be reported as being late between September 2021 and February 2022, and that his account status and payment status were inaccurate. For the third time, Mr. Sogoyou enclosed documentation for Equifax, Experian, and Trans Union to reference in their investigations.

35. Upon information and belief, Equifax, Experian, and Trans Union used the same procedure to respond to this dispute.

36. In other words, Equifax, Experian, and Trans Union forwarded Mr. Sogoyou's third disputes to PennyMac and relied entirely on PennyMac to investigate and respond to Mr. Sogoyou's disputes, without conducting any independent investigation.

37. As a result of PennyMac's conduct, Mr. Sogoyou has suffered significant actual damages. For example, he was denied credit instead to be used for his own personal use, including a USAA personal loan, a line of credit with Congressional Federal Credit Union, and credit through Pinnacle Finance to finance an ADT security system for his residence. He suffered a decreased credit score, reputational damage, and emotional distress, including stress that the negative credit reporting would impact the security clearance that he must maintain as a U.S. Army Reserve Officer.

### *Defendants' Conduct Was Willful*

38. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the

response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

39. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once PennyMac provided its responses to Plaintiff's disputes verifying the payment history and account status. The credit reporting agencies did not take any additional steps to verify the accuracy of the information that PennyMac provided.

40. Instead, Equifax, Experian, and Trans Union blindly accepted PennyMac's version of the facts and continued to report the inaccurate, derogatory information on Mr. Sogoyou's credit reports.

41. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

42. Even worse, Equifax, Experian and Trans Union have been sued previously for this exact credit reporting issue in this District: inaccurate reporting of mortgage payments during the Trial Plan and thereafter. *See, e.g.*, *Ramalheira v. Equifax Information Services, LLC*, No. 1:19-

cv-412 (E.D. Va.); *Qadri v. Trans Union, LLC*, No. 1:19-cv-01430 (E.D. Va.); *Deal v. Equifax Information Services, LLC*, No. 3:18-cv-315 (E.D. Va.); *Wall v. Loancare, LLC*, 2:22-cv-277 (E.D. Va.).

43. Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

44. Instead, Defendants intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' violations of the FCRA were willful.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(TRANS UNION, EXPERIAN, AND EQUIFAX)**

45. Mr. Sogoyou incorporates the preceding allegations.

46. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

47. Because of Equifax's, Experian's, and Trans Union's conduct, Mr. Sogoyou suffered actual damages including, for example, credit denial, a reduced credit score, reputational damage, embarrassment, humiliation, and other emotional distress.

48. Equifax's, Experian's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Mr. Sogoyou for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**
**(TRANS UNION, EXPERIAN, AND EQUIFAX)**

49. Plaintiff incorporates the preceding allegations.

50.     Equifax, Experian, and Trans Union violated multiple sections of § 1681i, including: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide PennyMac with all the relevant information regarding Mr. Sogoyou's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Mr. Sogoyou in violation of § 1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Mr. Sogoyou's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

51.     Because of Equifax's, Experian's, and Trans Union's violations of § 1681i, Mr. Sogoyou suffered actual damages including, for example: credit denial, a reduced credit score, reputational damage, embarrassment, humiliation, and other emotional distress.

52.     Equifax's, Experian's, and Trans Union's violations of § 1681i were willful, rendering them liable to Mr. Sogoyou for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling Mr. Sogoyou to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**EYABA SOGOYOU**

By:   */s/ Kristi C. Kelly*
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699

Matthew G. Rosendahl, VSB #93738
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com
*Counsel for Plaintiff*